JESSIE B. JACOBSON, Appellee, v. LOU BYRD et al., Appellants.

**DEEDS: Undue Influence—Presumptions.** Evidence that an aged
1     and very infirm grantor executed to her daughter and son-in-law a deed, the consideration for which was an alleged indebtedness for board and lodging for 13 years, acknowledged in a contract executed at the same time as the deed, is, under a review of the record, held sufficient to make a prima-facie case of fraud and undue influence, and to cast upon the grantee the burden of proving the contrary.

**DEEDS:** Undue Influence—Interest Sufficient to Set Aside Convey-
ance. One who conveyed to the grantee real estate, in consid-
eration of a promissory note and of a promise made in a will
for the payment of said note, and who was also the legatee of
an undivided one-half interest in said real estate, which had been
reconveyed by the said grantee, *held* to have sufficient interest
to have said conveyance set aside for fraud and undue influence,
and to have established against said real estate her claim for the
value of the note.

*Appeal from Cass District Court.*—O. D. Wheeler, Judge.

April 12, 1919.

Suit in equity to set aside a deed of real estate, as hav-
ing been obtained by fraud and undue influence. Plaintiff
also prayed that a lien be established in her favor upon such
real estate, to the amount of $500. There was a decree for
the plaintiff, and the defendants appeal.—*Affirmed.*

*E. M. Willard* and *Callahan & Callahan*, for appellants.

*H. M. Boorman*, for appellee.

Evans, J.—The deed under attack was executed in her
lifetime by Lydia Card. The plaintiff was the daughter of
Ward Card, deceased, who was the only son of Lydia Card.
The defendant Lou Byrd was the only daughter of Lydia
Card. The subject-matter of the deed under attack was a
residence property in the city of Atlantic, worth, at the time
of the trial, about $1,600. This property had been first ac-
quired by Ward Card, the father of the plaintiff, in 1892, at
a cost of $750. He held the legal title thereto, and occupied
the same as a home for several years. In 1897, he conveyed
the property by quitclaim deed to his mother, Lydia Card.
The claim on behalf of the plaintiff is that this deed was
executed as security for $250 advanced by the mother to
pay an incumbrance on the property. Ward Card continued
in the occupancy of said property for many years following
the date of such deed. He died in 1907. The evidence tends

to show that Lydia Card recognized the equity of her son in such property, and recognized the plaintiff as the successor to such equity. On August 29, 1913, Lydia conveyed the property to the plaintiff. At about the same time, she conveyed other property of less value to her daughter, Mrs. Byrd, the defendant. Mrs. Byrd, being dissatisfied with her mother's conveyance to the plaintiff, came with her mother to the home of the plaintiff, on September 8, 1913, and requested the plaintiff to convey the property back to Lydia. In that conference, some mutual understanding was arrived at, as between the grandmother and daughter and granddaughter. It is claimed for the plaintiff that such understanding was that she should convey the property back to her grandmother, and that her grandmother should keep the same, without disposing of it, as long as she lived, and that it should be disposed of by will, and that the plaintiff's equity should be recognized therein to the extent of $500, and should be a first claim thereon, and that the residue of the estate should be divided equally between the defendant Mrs. Byrd and the plaintiff. They thereupon went together to the office of an attorney. At the office of the attorney, the plaintiff executed a deed back to her grandmother; the grandmother executed a note to the plaintiff for $500; she also executed her will. The note was drawn payable on the date of the death of the maker. Items 2 and 5 of the will were as follows:

"Item 2. Whereas, Ward E. Card, father of Jessie Jacobson, during his lifetime paid a sum of money amounting to $500 toward the payment of a certain property being Lot Seven (7) Block One Hundred Twenty-one (121), in the city of Atlantic, Iowa, on behalf of Lydia L. Card, and I now, hereby, will and bequeath unto the said Jessie B. Jacobson, as a special bequest, said sum of five hundred dollars ($500.00) in addition to what is hereinafter willed unto her; that this sum of five hundred dollars is also represented

in a promissory note which she holds against me for this item.

"Item 5. All of the balance and residue of my property, both real estate, personal and mixed, wherever situated, I hereby will, devise and bequeath, share and share alike unto my daughter Lou Byrd and to my granddaughter, Jessie B. Jacobson, to be their absolute property."

At this time, the grandmother had made her home with her daughter for the preceding 11 years.

On the night of January 17, 1915, and at about one o'clock in the morning, Lydia Card, being in her last illness, and 90 years of age, executed a contract with her daughter and husband, whereby she acknowledged indebtedness for $300 for board and lodging for the period of 13 years. At the same time, she executed to the same parties a deed of the residence property which she had obtained from the plaintiff on September 8, 1913. The consideration for this deed was the indebtedness for board. This is the deed which is challenged in this action. The circumstances under which the deed under attack was executed, were sufficient to make at least a prima-facie case of fraud and undue influence, and to cast upon the defendants the burden of proving the contrary. We are clear that the prima-facie case thus made was not overcome by the testimony on behalf of defendants. It is strongly urged for the defendants that the plaintiff had no interest in the property as such, and was, therefore, in no position to complain of the conveyance of the same. Evidence was introduced, tending to show that, at the time of the conveyance of the property by Ward Card to Lydia, an absolute sale was intended, and that Ward retained no equity in the property. It is further urged that the testimony whereby the plaintiff claims to show the contrary is all incompetent, under Code Section 4604. On this

1. DEEDS: undue influence: presumptions.

2. DEEDS: undue influence: interest sufficient to set aside conveyance.

question, we have little occasion to go back of September 8, 1913. Concededly, the plaintiff did have the full legal title to the property on that date. On such date, she conveyed the same to Lydia. The consideration for such conveyance was the promissory note and the provisions made for her in the will. She was entitled to a performance of such consideration. The trial court gave her nothing more. If it had been necessary that she should have proved that she had an equity in the property prior to August 29, 1913, when the same was conveyed to her by her grandmother, such proof is furnished by the recitals of Item 2 of the will. The conveyance of August 29th was itself a recognition of the claim then put forth by the plaintiff. As already indicated, however, it was not incumbent upon the plaintiff to go further back in her proofs, except for historical purposes, than September 8, 1913, when she parted with her title. The case involves fact questions only. The trial court found the facts with the plaintiff, and set aside the deed and ordered a disposition of the property in accordance with the terms of the will. Our examination of the record satisfies us with the correctness of the court's finding, and with the propriety of the relief extended. The decree entered below is, therefore, —*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.